THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MONIQUE CHARLENE TILLMAN and
ERIC BRANCH,

           Plaintiffs,

   vs.

JARED WILLIAMS and THE CITY OF
TACOMA,

           Defendants.

NO.  3:16-cv-05794-RBL

DEFENDANTS' TRIAL BRIEF

Prehearing Conference:
March 2, 2018, at 8:30 a.m.

This case is presently set for an eight (8) day jury trial, scheduled to begin on March 12, 2018.  The prehearing conference is set for March 2, 2018, at 8:30 a.m., and an evidentiary hearing on the admissibility of Stan Kephart's testimony is set for March 2, 2018, at 11:00 a.m.

I.    **Plaintiffs are attempting to pursue claims at trial that were not pled.**

As the pretrial order makes clear, the parties have a dispute as to the claims plaintiffs can pursue at trial. Plaintiffs have included in the pretrial order a number of claims that were not pled in this matter.

Defendant's Trial Brief- Page 1 of 13

Monique Tillman first filed this case in the Pierce County Superior Court on May 6, 2016, alleging state law causes of action only.  Dkt. 1, p. 2.  See also Dkt. 2, p. 9. The original complaint was never served on any defendant.

On August 31, 2016, plaintiffs' First Amended Complaint was filed in the Superior Court. In this complaint, plaintiff Eric Branch joined the litigation. Also, the First Amended Complaint included, for the first time, a federal claim (Cause XII- §1983 claim against Defendant Williams for excessive force; and Cause XIII and XIV- §1983 Municipal Liability Claim against City of Tacoma and Chief Ramsdell based on the alleged deprivation of Monique Tillman's constitutional rights). Dkt. 2, p. 40-41.

After the defendants were served, and before the matter was removed to federal court, plaintiffs filed a Second Amended Complaint pursuant to a stipulation executed by the parties. Dkt. 2, p. 60. The Second Amended Complaint corrected the names of the Mall defendants, and some grammatical corrections, but did not contain any substantive changes. See email correspondence attached hereto. See also Dkt. 2, p. 65. Notably, the federal causes of action did not change from the First Amended Complaint.

During the pendency of this litigation, plaintiffs sought leave to amend the complaint one more time, in order to add §1983 claims against the Mall defendants. See Dkt. 30. Plaintiff's motion for leave to file a third amended complaint did not seek to modify the claims against the Tacoma defendants in any way. Id. The Court denied plaintiffs' motion for leave to amend. Dkt. 50.

Plaintiffs have never, during the pendency of this matter, sought leave to amend the complaint to assert additional claims against the Tacoma defendants.

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
(253) 591-5885 / Fax 591-5755

In the pretrial order, both plaintiffs have indicated that they intend to pursue §1983 claims against Officer Williams for an unlawful seizure/false arrest. Neither of these claims are included in the Second Amended Complaint and in fact, in the operative complaint, Mr. Branch has not asserted any §1983 claims.

In the Second Amended Complaint, the following claims were asserted and remain to be addressed by the jury:

| No. | Cause | Parties |
| --- | --- | --- |
| VII | Assault | Tillman v. Williams |
| VII | Assault | Branch v. Williams |
| VIII | Battery | Tillman v. Williams |
| X | False Imprisonment | Tillman v. Williams Branch v. Williams |
| XI | Malicious Prosecution | Tillman v. Williams |
| XII | §1983 - Excessive Force | Tillman v. Williams |
| XIII | §1983 - Failure to Train, Supervise & Discipline[1] | Tillman v. City of Tacoma |
| XIV | §1983 - Ratification | Tillman v. City of Tacoma |

The defendants would be grossly prejudiced if plaintiffs were permitted to present §1983 claims to the jury that were never pled in the complaint. The discovery that the defendants pursued was governed by the claims pending in this matter. Moreover, the defendants brought a dispositive motion on all claims, but their motion for summary

---

[1] As discussed below, by failing to address these claims on summary judgment, plaintiff abandoned these claims and should not be permitted to pursue them at trial.

Defendant's Trial Brief- Page 3 of 13

judgment did not address a §1983 unlawful seizure claim for either plaintiff as such claims were not in the complaint. Consequently, Officer Williams did not assert qualified immunity to such a claim and was deprived of having his defense of immunity addressed by the court. Moreover, even if the court had denied summary judgment on the basis of qualified immunity, there are no material questions of fact on the underlying basis for the stop and Officer Williams would have been entitled to seek interlocutory review of the denial of qualified immunity on those claims. Finally, the assertion of additional constitutional claims against Officer Williams subjects him to potential punitive damages on additional bases, bases on which he could have sought summary judgment, but was never given an opportunity to do so.

Officer Williams acknowledges that there is a liberal pleading standard and that so long as notice is given, the standard is met. In this case, however, fair notice was not given. While federal pleading standards are not exacting, the Rules do place some onus on the plaintiffs. "Plaintiffs must identify each legal theory in separate Counts of their Complaint, Plaintiffs must not simply list constitutional violations with no explanation. Plaintiffs must connect each legal theory to the actions giving rise to that legal theory and Plaintiffs must give the individual Defendants . . . notice of their conduct giving rise to such a claim." Bryant v. City of Goodyear, 2013 U.S. Dist. LEXIS 64306, 2013 WL 1897129, at * 12 (D. Ariz. May 6, 2013).

> [W]hile inexpert pleading is permitting, insufficient pleading is not. A pleading is insufficient when it does not give the opposing party fair notice of what the claim is and the ground upon which it rests. A party who does not plead a cause of action or theory of recovery cannot finesse the issue by later inserting the theory into trial briefs and contending it was in the case all along.

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
(253) 591-5885 / Fax 591-5755

<u>Evergreen Moneysourse Mortg. Co. v. Shannon</u>, 167 Wn. App. 242, 246, 274 P.3d 375 (2012).

In addition to asserting claims not previously pled, plaintiffs are also attempting to pursue claims at trial that were abandoned on summary judgment. In the Second Amended Complaint, Monique Tillman brought a §1983 claim against the City of Tacoma for an alleged failure to train, investigate and supervise. <u>See</u> Dkt. 1-1, Cause XIII. As outlined above, the defendants sought summary judgment on all claims, including the municipal liability claim for the alleged failure to train, investigate and supervise. <u>See</u> Dkt. 56, p. 20-23. In response to the defendants' motion, plaintiff did not address the §1983 municipal liability claims based on the failure to train, investigate or supervise. <u>See</u> Dkt. 86. Under the standards articulated by the Supreme Court, plaintiff's failure to address these claims on summary judgment and adduce evidence to establish her *prima facie* case constitutes an abandonment of these claims. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)(one of the principal purposes of summary judgment is to dispose of factually and legally unsupported claims and defenses); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)(issue to be resolved on summary judgment is "whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the [burden] of proof is imposed."). If the defendant brings a properly supported motion for summary judgment (which the defendant can do by simply pointing out the absence of evidence to establish plaintiff's prima facie case), the plaintiff must adduce evidence to establish all essential elements of their claim. <u>Celotex</u>, 477 U.S. at 322-23. If plaintiff does not do so, the court must

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
(253) 591-5885 / Fax 591-5755

grant the motion. Id. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

Plaintiff Tillman abandoned her §1983 claims against the City for an alleged failure to train, investigate and supervise. She failed to identify the basis for these claims during discovery and failed to adduce evidence in support of these claims in response to summary judgment. She should not be permitted to pursue these claims at trial.

## II.   The Law Governing Plaintiffs' Claims

A.   Fourth Amendment excessive force claim against Officer Williams.

Monique Tillman's claim of excessive force is governed by the Fourth Amendment's objective reasonableness standard. Fourth Amendment jurisprudence has long recognized that the right to make an arrest necessarily carries with it the right to use some degree of physical coercion or threat of coercion to effect it. Graham v. Connor, 490 U.S. 386, 388, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). The ultimate "reasonableness" inquiry in an excessive force case is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting him, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397.

To determine whether the force used was reasonable under the circumstances, the jury will be asked to balance "'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" Davis v. City of Las Vegas, 478 F.3d 1048, 1054 (9th Cir. 2007) (internal citations omitted). In performing this calculus, the jury must "assess the quantum of force used" and then "measure the governmental interests at stake" by

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
(253) 591-5885 / Fax 591-5755

considering: "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." Davis, 478 F.3d at 1054 (citing Graham, 490 U.S. at 396).

The analysis is not limited, however, to the Graham factors. "Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, the reasonableness of a seizure must instead be assessed carefully considering the objective facts and circumstances that confronted the arresting officers." Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005) (internal quotations and citations omitted). In applying this standard, the courts have repeatedly admonished that "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split second judgments in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." Id. at 396-97. Further, officers are not required to use the least intrusive means when responding to exigent circumstances; they only need to act within the range of reasonable conduct. Scott v. Henrich, 39 F.3d 912, 915 (9th Cir. 1994). Finally, a mistaken belief as to the amount of force necessary in any given situation does not render the force used unconstitutional, provided the belief was reasonable. Saucier v. Katz, 533 U.S. 194, 205, 121 S. Ct. 2151, 2158, 150 L. Ed. 2d 272 (2001).

B.      Plaintiff's §1983 claim against the City.

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
(253) 591-5885 / Fax 591-5755

A municipality can be held liable under 42 U.S.C. §1983 only when an official policy, practice or custom causes the constitutional violation claimed. <u>Monell v. Dept. of Social Serv. of New York</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611(1978); <u>Bryan County v. Brown</u>, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).  In the instant case, Monique Tillman is basing her municipal liability claim on a theory of ratification.

Municipal liability under this theory attaches only when the policymaker possesses final authority to establish municipal policy with respect to the action ordered, when the policymaker makes a deliberate choice from among various alternatives to follow a particular course of action, and when the policymaker approves the subordinate's decision and the basis for it.  <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1348 (9th Cir. 1992).  The ratifying decision must be one that is the product of a "conscious, affirmative choice" to ratify the conduct in question.  <u>Haugen v. Brosseau</u>, 339 F.3d 857, 875 (9th Cir. 2003) (opinion amended and judgment vacated on other grounds)(citing <u>Gillette</u>, 979 F.2d at1347.)  A single decision of a police department not to discipline in a specific instance is not an adequate basis for municipal liability.  <u>Haugen</u>, 339 F.3d at 875.  <u>See also</u> <u>Weisbuch v. County of Los Angeles</u>, 119 F.3d 778, 781 (9th Cir. 1997) (to hold cities liable under § 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle respondeat superior liability into § 1983 liability).

Defendant's Trial Brief- Page 8 of 13

Similarly, merely affirming a finding that a particular use of force was "within policy" does not constitute ratification.  See Dunklin v. Mallinger, 2013 U.S. Dist. LEXIS 51871, *94-95 (N.D. Cal. 2013). [attach case to brief]

> The law does not say that, whenever an investigative group accepts an officer's version over a victim's differing version, this acceptance establishes a policy for which a municipality may be held liable under § 1983. If that were the law, counties might as well never conduct internal investigations and might as well always admit liability. But that is not the law. The law clearly requires "something more."

Kanae v. Hodson, 294 F. Supp. 2d 1179, 1188 (D. Hawaii 2003).

C.    Assault & Battery

In civil tort law, the gist of an action for assault is "the victim's *apprehension* of imminent physical violence caused by the perpetrator's action or threat." (emphasis added) Brower v. Ackerly, 88 Wn. App. 87, 92, 943 P.2d 1141 (1997), rev. denied, 134 Wn.2d 1021 (1998). Washington courts define a civil action for battery as "the intentional infliction of a harmful bodily contact with the plaintiff." Morinaga v. Vue, 85 Wn. App. 822, 834, 935 P.2d 637, rev. denied, 133 Wn.2d 1012 (1997). The civil definition of battery does not include "an offensive contact," only a "harmful contact."  A police officer, in performing his or her official duties, is liable for assault and battery only if unnecessary violence or excessive force is used in discharging their duties. Boyles v. City of Kennewick, 62 Wn. App. 174, 813 P.2d 178 (1991), review denied, 118 Wn.2d 1006, 822 P.2d 288 (1991).

D.    False Arrest

"The gist of an action for false arrest or false imprisonment is the unlawful violation of a person's right of personal liberty or the restraint of that person without legal authority."  Turngren v. King County, 104 Wn.2d 293, 303, 705 P.2d 258 (1985).

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
(253) 591-5885 / Fax 591-5755

Officers enjoy a qualified immunity against liability for false arrest and imprisonment. For an arrest accomplished without a warrant, the immunity is limited to situations where the officer reasonably believed the arrested party committed a felony or to misdemeanor arrests where the arresting officer had reasonable cause to believe the crime was being committed in his presence[2] and he acted in good faith on that belief. Staats v. Brown, 139 Wn.2d 757, 778, 991 P.2d 615 (2000) (citing Plancich v. Williamson, 57 Wn.2d 367, 357 P.2d 693 (1960); Sennett v. Zimmerman, 50 Wn.2d 649, 651, 314 P.2d 414 (1957)). The existence of probable cause (a complete defense to a claim of false arrest/imprisonment) is proved by demonstrating the officer's knowledge of facts and circumstances that would lead a reasonable officer to believe a crime has been committed.  Bishop v. City of Spokane, 142 Wn. App. 165, 170, 173 P.3d 318 (2007).

E.    Malicious Prosecution

In order to maintain an action for malicious prosecution in Washington, a plaintiff must plead and prove the following elements: (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution. Although all elements must be proved, malice and want of probable cause constitute the gist of a malicious prosecution action. Hanson v. Snohomish, 121 Wn.2d 552, 557-58, 852 P.2d 295, 298

---

[2] Trespass is actually an exception to the misdemeanor presence rule.  See RCW 10.31.100(2).

Defendant's Trial Brief- Page 10 of 13

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
(253) 591-5885 / Fax 591-5755

(1993). Probable cause is a complete defense to a malicious prosecution claim. Peasley v. Puget Sound Tug & Barge Co., 13 Wn.2d 485, 499, 125 P.2d 681 (1942) (also noting, however, that the dismissal of criminal charges may establish a prima facie case that there was no probable cause).

The method of determining probable cause or the lack thereof is set out in Peasley as follows: "If it clearly appears that the defendant, before instituting criminal proceedings against the plaintiff, made to the prosecuting attorney a full and fair disclosure, in good faith, of all the material facts known to him, and that the prosecuting attorney thereupon preferred a criminal charge and caused the arrest of the accused, probable cause is thereby established as a matter of law and operates as a complete defense to a subsequent action by the accused. And the same rule prevails where such disclosure was made to a competent practicing attorney, and the criminal prosecution was instituted upon his advice." Peasley, 13 Wn.2d at 499-50; see also Bender v. Seattle, 99 Wn.2d 582, 593-95, 664 P.2d 492, 500-01 (1983).

## III.   Evidentiary Issues

The court has ruled on the parties' motions *in limine*. An evidentiary hearing is scheduled for March 2, 2018, at 11:00 am to address defendants' motion in limine to exclude the testimony of Stan Kephart.

## IV.   Scheduling Issues

There are a number of expert witnesses expected to testify in this matter. Dr. Vandenbelt and Dr. Chong are scheduled to testify the second week of trial and the defendants may be asking to take these witnesses out of order, if necessary. Additionally, Chief Ramsdell is available the first week of trial, but is unavailable the

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
(253) 591-5885 / Fax 591-5755

1   second week of trial. Another member of the command staff (likely Assistant Chief Ed

2   Wade) will be attending trial during the second week in the Chief's place.

3       DATED this 26th day of February, 2018.

4                                   ELIZABETH A. PAULI, City Attorney

5

6                           By:    /s/ Jean Homan
                                   JEAN P. HOMAN
7                                  WSB #27084
                                   Deputy City Attorney
8                                  Attorney for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Defendant's Trial Brief- Page 12 of 13

## DECLARATION OF SERVICE

I hereby certify that on February 26, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will send a true and correct copy of notification of such filing to the following:

**Plaintiffs' Counsel**

Vito de la Cruz,
Tamaki Law Firm
2200 112th Avenue NE, Suite 200
Bellevue, WA 98004
vito@tamakilaw.com

**Plaintiffs' Co-Counsel**

Richard H. Friedman             Sean J. Gamble
Friedman | Rubin               Friedman | Rubin
1126 Highland Avenue            51 University Street, Suite 201
Bremerton, WA 98337             Seattle, WA  98101
rfriedman@friedmanrubin.com     sgamble@friedmanrubin.com

DATED this 26th day of February, 2018, at Tacoma, Washington.

/s/ Staci Black
Staci Black, Paralegal
Tacoma City Attorney's Office
747 Market Street, Suite 1120
Tacoma, WA  98402
(253) 591-5268
Fax: (253) 591-5755
sblack@ci.tacoma.wa.us

Defendant's Trial Brief- Page 13 of 13

# EXHIBIT 1

| | |
|---|---|
| **From:** | Chetana Williamson |
| **To:** | Geoffrey Grindeland; Castro, Gisel (Legal); Hunter Jeffers; Homan, Jean (Legal); Karrie Fielder; Black, Staci (Legal); vito@tamakilaw.com |
| **Subject:** | Tillman v. Williams, et al.: Proposed Second Amended Complaint |
| **Date:** | Wednesday, September 14, 2016 10:07:06 AM |
| **Attachments:** | Second_Amended_Complaint_VRC_edits_final.doc |
| **Importance:** | High |

Dear Counsel:

Attached for your review is Plaintiffs' Second Amended Complaint as we intend to file with the court. The Second amended complaint identifies Simon Property and Universal Protection by the correct names as provided by Defendants.  Additionally, we made some technical, grammatical corrections that did not result in any substantive changes.

Please advise by 4pm **September 15, 2016** if Defendants are willing to stipulate to its filing in the current form. Thank you.

Sincerely,

Chetana Williamson
Paralegal
TAMAKI LAW OFFICES
425-679-6421

CONFIDENTIALITY
This email message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this email message, you are hereby notified that any dissemination, distribution or copying of this email message and any attachments thereto is strictly prohibited.  If you have received this email in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this email message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Tamaki Law Offices, any of its clients, or any other person or entity.