HONORABLE RONALD B. LEIGHTON

# *ORIGINAL*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MONIQUE CHARLENE TILLMAN
and ERIC BRANCH

               Plaintiffs,

    v.

JARED WILLIAMS and the CITY OF
TACOMA,

             Defendants.

CASE NO. C16-5794RBL

COURT'S INSTRUCTIONS TO THE JURY

Dated this 21st day of March, 2018.

Ronald B. Leighton
United States District Judge

INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed.

INSTRUCTION NO. 3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.   The opportunity and ability of the witness to see or hear or know the things testified to;

2.   The witness's memory;

3.   The witness's manner while testifying;

4.   The witness's interest in the outcome of the case and any bias or prejudice;

5.   Whether other evidence contradicted the witness's testimony;

6.   The reasonableness of the witness's testimony in light of all the evidence; and

7.   Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

INSTRUCTION NO. 6

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 7

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

INSTRUCTION NO. 8

2          You should decide the case as to each party separately.  Unless otherwise stated, the

3   instructions apply to all parties.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

INSTRUCTION NO. 9

The plaintiffs bring claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

INSTRUCTION NO. 10

In order to prevail on their Section 1983 claims against defendant Williams, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

    1.  the defendant acted under color of law; and

    2.  the acts of the defendant deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the defendants acted under the color of law.

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements they are required to prove in Instruction Nos. 12 or 13, your verdict should be for the plaintiffs.  If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant on their Section 1983 claims.

INSTRUCTION NO. 11

In order to establish that the defendants' acts deprived plaintiffs of their particular rights under the United States Constitution as explained in later instructions, the plaintiffs must prove by a preponderance of the evidence that the acts were so clearly related to the deprivation of his rights as to be a proximate cause of the ultimate injury.

The term, "proximate cause" means a cause which in a direct sequence produces the injury complained of and without which, the injury would not have happened. There may be one or more proximate causes of injury.

INSTRUCTION NO. 12

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself. Thus, in order to prove an unreasonable seizure in this case, plaintiff Tillman must prove by a preponderance of the evidence that defendant Williams used excessive force when he subdued her.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1. The severity of the crime or other circumstances to which the officers were responding;

2. Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

6. The availability of alternative methods to subdue the plaintiff;

7. The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability;

8. Whether a warning was given prior to the use of force, if feasible;

9. Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm; and

10. The relative size and strength differences between the officer and the plaintiff.

These are known as the *Graham* factors.

INSTRUCTION NO. 13

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, a plaintiff must prove by a preponderance of the evidence that he or she was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

INSTRUCTION NO. 14

In order to prevail on her § 1983 claims against defendant the City of Tacoma alleging liability based on ratification by a final policymaker, plaintiff Tillman must prove each of the following elements by a preponderance of the evidence:

1.  Defendant Williams acted under color of state law;

2.  The acts of defendant Williams deprived a plaintiff of particular rights under the United States Constitution as explained in earlier instructions;

3.  Chief Ramsdell acted under color of state law;

4.  Chief Ramsdell had final policymaking authority from defendant the City of Tacoma concerning the acts of defendant Williams; and

5.  Chief Ramsdell ratified defendant Williams' acts, that is, Chief Ramsdell knew of and specifically made a deliberate choice to approve defendant Williams' acts and the basis for them.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that defendant Williams acted under color of state law; therefore, the first element requires no additional proof.

I instruct you that Chief Ramsdell had final policymaking authority from defendant the City of Tacoma concerning the acts at issue and, therefore, the fourth element requires no proof.

If you find that plaintiff Tillman has proved each of these elements, and if you find that she has proved all the elements that she is required to prove in Instruction Nos. 12 or 13, your verdict should be for plaintiff Tillman. If, on the other hand, plaintiff Tillman has failed to prove any one or more of the elements above, your verdict should be for the defendant.

INSTRUCTION NO. 15

In order to prevail on her § 1983 claims against defendant the City of Tacoma alleging liability based on an official policy, practice, or custom, plaintiff Tillman must prove each of the following elements by a preponderance of the evidence:

1. Defendant Williams acted under color of state law;

2. The acts of defendant Williams deprived a plaintiff of particular rights under the United States Constitution as explained in earlier instructions;

3. Defendant Williams acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant the City of Tacoma; and

4. The defendant City of Tacoma's official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by the defendant Williams; that is, the City of Tacoma's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that defendant Williams acted under color of state law; therefore, the first element requires no additional proof.

"Official policy" means a formal policy, such as a rule or regulation adopted by the defendant City of Tacoma Police Department, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant the City of Tacoma. A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished.

If you find that plaintiff Tillman has proved each of these elements, and if you find she has proved all the elements she is required to prove in Instruction Nos. 12 or 13, your verdict should be for plaintiff Tillman. If, on the other hand, plaintiff Tillman has failed to prove any one or more of the elements above, your verdict should be for the defendant.

INSTRUCTION NO. 16

In order to prevail on her § 1983 claim against defendant the City of Tacoma alleging liability based on a policy of a failure to train its police officers, plaintiff Tillman must prove each of the following elements by a preponderance of the evidence:

1.  The acts of defendant Williams deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions;

2.  Defendant Williams acted under color of state law;

3.  The training policies of the defendant the City of Tacoma were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4.  The defendant the City of Tacoma was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately; and

5.  The failure of the defendant the City of Tacoma to provide adequate training caused the deprivation of the plaintiff's rights by the defendant Williams; that is, the defendant's failure to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that defendant Williams acted under color of state law; therefore, the second element requires no additional proof.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

1       "Deliberate indifference" is the conscious choice to disregard the consequences of one's

2  acts or omissions. The plaintiff may prove deliberate indifference in this case by showing that the

3  defendant the City of Tacoma knew its failure to train adequately made it highly predictable that

4  its police officers would engage in conduct that would deprive persons such as the plaintiff of her

5  rights.

6       If you find that plaintiff Tillman has proved each of these elements, and if you find that

7  she has proved all the elements she is required to prove in Instruction Nos. 12 or 13, your verdict

8  should be for plaintiff Tillman. If, on the other hand, plaintiff Tillman has failed to prove any one

9  or more of the elements above, your verdict should be for the defendant.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

INSTRUCTION NO. 17

An encounter with law enforcement becomes a seizure when a reasonable person, considering the totality of the circumstances, would not feel free to decline the officers' requests or otherwise terminate the encounter.

An encounter with law enforcement becomes an arrest when a reasonable innocent person would not feel free to leave after brief questioning.

INSTRUCTION NO. 18

Plaintiffs Tillman and Branch also claim they were subjected to false imprisonment. To establish this claim, a plaintiff must prove by a preponderance of the evidence that defendant Williams unlawfully deprived him or her of liberty of movement or freedom to remain in the place of their lawful choice.

Such restraint or imprisonment may be accomplished by physical force alone, by threat of force, or by conduct reasonably implying that force will be used.

INSTRUCTION NO. 19

Under Washington law, criminal trespass is defined as knowingly entering or remaining unlawfully in or on the premises of another. Criminal trespass in the second degree is a misdemeanor.

A person does not commit this crime if the premises were at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining on the premises.

1 | INSTRUCTION NO. 20

2 |      Under the Tacoma Municipal Code, a person commits the crime of Obstructing a Public

3 | Servant when he or she knowingly hinders, delays, or obstructs any public servant in the

4 | discharge of his or her official powers or duties.

5 |      A police officer is entitled to make a custodial arrest for the crime of obstruction.

6 |      However, refusal to answer questions is not sufficient grounds to arrest a person for

7 | obstructing a police officer.

INSTRUCTION NO. 21

A person may attempt to use force to resist an arrest only if the person being arrested is in actual and imminent danger of serious injury from an officer's use of excessive force. The person may employ such force and means as a reasonably prudent person would use under the same or similar circumstances.

INSTRUCTION NO. 22

To maintain an action for malicious prosecution against defendant Williams, plaintiff Tillman must prove the following:

1.    that the prosecution claimed to have been malicious was instituted or continued by defendant Williams;

2.    that there was no probable cause for the institution or continuation of the prosecution;

3.    that the proceedings were instituted or continued through malice;

4.    that the proceedings terminated on the merits in the plaintiff's favor, or were abandoned; and

5.    that the plaintiff suffered injury or damage as a result of the prosecution.

Malice in the context of this lawsuit means that the prosecution complained of was undertaken from improper or wrongful motives or in reckless disregard of the rights of the plaintiff. Impropriety of motive may be established in cases of this sort by proof that the defendant instituted the criminal proceedings against the plaintiff: (1) without believing her to be guilty, or (2) primarily because of hostility or ill will toward her, or (3) for the purpose of obtaining a private advantage as against her.

INSTRUCTION NO. 23

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants. In determining the measure of damages, you should consider:

1.      The nature and extent of each plaintiff's injuries;

2.      The mental, physical, and emotional pain and suffering experienced by each plaintiff and that with reasonable probability will be experienced in the future; and

3.      The loss of enjoyment of life experienced by each plaintiff and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 24

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

INSTRUCTION NO. 25

If you find for a plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

A plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendants' conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendants injure or damage or otherwise violate the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendants' conduct.

Punitive damages may not be awarded against the City of Tacoma. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

INSTRUCTION NO. 26

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

INSTRUCTION NO. 27

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 28

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

INSTRUCTION NO. 29

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 30

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer.  You will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by the foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover

1    that the computer provides or allows access to such materials, you must inform me immediately

2    and refrain from viewing such materials. Do not remove the computer or any electronic data

3    from the jury room, and do not copy any such data.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

INSTRUCTION NO. 31

A verdict form has been prepared for you. After you have reached unanimous agreement on the verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.